# EXHIBIT A

**SUM-100**

# SUMMONS to First Amended Complaint
## (CITACION JUDICIAL)

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

F I L E D

2017 JUL 18 AM 10: 48

ROSA JUNQUEIRO CLERK

DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Golden State FC LLC, a Delaware Limited Liability Company;
Amazon.com Inc., a Delaware Corporation and Does 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Juan Trevino, an individual, on behalf of himself and all others similarly
situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Joaquin County Superior Court<br>Stockton Courthouse, 222 E. Weber Ave., #303, Stockton, CA<br>95202-2777 | CASE NUMBER:<br>*(Número del Caso):*<br>STK-CV-VOE-2017-0007161 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter Dion-Kindem, 21550 Oxnard St., Suite 900, Woodland Hills, CA 91367, 818-883-4900

| DATE: JUL 18 2017<br>*(Fecha)* | ROSA JUNQUEIRO | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.

2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* GOLDEN STATE FC LLC, A DELAWARE LIMITED LIABILITY COMPANY

under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
       [X] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1   PETER R. DION-KINDEM (SBN 95267)
    THE DION-KINDEM LAW FIRM
2   PETER R. DION-KINDEM, P.C.
    21550 Oxnard Street, Suite 900
3   Woodland Hills, California 91367
4   Telephone:    (818) 883-4900
    Fax:          (818) 883-4902
5   Email:        peter@dion-kindemlaw.com

6   LONNIE C. BLANCHARD, III (SBN 93530)
7   THE BLANCHARD LAW GROUP, APC
    3311 East Pico Boulevard
8   Los Angeles, CA 90023
    Telephone:    (213) 599-8255
9   Fax:          (213) 402-3949
    Email:        lonnieblanchard@gmail.com
10

11  JEFF HOLMES (SBN 100891)
    HOLMES LAW GROUP, APC
12  3311 East Pico Boulevard
    Los Angeles, CA 90023
13  Telephone:    (310) 396-9045
14  Fax:          (970) 497-4922
    Email:        jeffholmesjh@gmail.com
15
    Attorneys for Plaintiff Juan Trevino
16

17          SUPERIOR COURT OF THE STATE OF CALIFORNIA

18                  COUNTY OF SAN JOAQUIN

19

20  Juan Trevino, an individual, on behalf of himself   | Case No. STK-CV-VOE-2017-0007161
    and all others similarly situated,                  | CLASS ACTION
21
22          Plaintiff,                                   | First Amended Complaint for:
23          vs.                                          | 1.  Failure to Pay Compensation Due for
                                                         |     Hours Worked
24  Golden State FC LLC, a Delaware Limited              | 2.  Meal Period Violations
    Liability Company; Amazon.com Inc., a                | 3.  Rest Period Violations
25  Delaware Corporation and Does 1 through 10,          | 4.  Wage Statement Violations
                                                         | 5.  Failure to Pay Waiting Time Wages
26          Defendants.                                  |     Pursuant to Labor Code Section 203
27                                                       | 6.  Violation of California Business and
                                                         |     Professions Code
28

                        First Amended Complaint
                                  1

1
2
                                            **Demand for Jury Trial**

3       Plaintiff Juan Trevino ("Plaintiff") alleges:

4   1.  This case arises out of Defendants' failure to comply with the California Labor Code and the

5       applicable Wage Order in the treatment of its employees, including failure to pay wages due for

6       regular and overtime hours worked, failure to provide lawful meal and rest periods, failure to pay

7       meal period and rest period wages, failure to pay waiting time wages, and failure to provide

8       lawful itemized wage statements, *inter alia.*

9                                            **DEFENDANTS**

10  2.  Golden State FC LLC ("Golden State") is a Delaware Limited Liability Company with its

11      corporate headquarters located at 2021 7th Ave., Seattle, WA 98121. Golden State is believed to

12      be a wholly-owned subsidiary of Amazon.com Inc. The name "Golden State FC LLC" appears

13      on Plaintiff's wage statements and employment offer letter.

14  3.  Amazon.com, Inc. ("Amazon") is a Delaware corporation with its corporate headquarters located

15      at 410 Terry Ave. N., Seattle, WA 98109. The names "Amazon.com Inc." and or "Amazon"

16      appear on many of Plaintiff's new hire documents including: Amazon.com, Inc. Confidentiality

17      and Invention Assignment Agreement; Amazon California Meal Period Waiver Agreement;

18      Amazon Code of Ethics Acknowledgment Form; Amazon Harassment Policy for California

19      Associates; Plaintiff's Supportive Feedback Documents and Plaintiff's termination letter.

20  4.  Section 2 (F) of the applicable Wage Order defines an employer as follows:

21          [A]ny person as defined in Section 18 of the Labor Code, who directly or indirectly, or
            through an agent or any other person, employs or exercises control over the wages, hours,
22          or working conditions of any person.

23  5.  Based on the above listed documents and upon information and belief, Amazon directly or

24      indirectly established and controlled the wages, hours and working conditions of the employment

25      of Plaintiff and the other class members, and Golden State and Amazon acted as employers, co-

26      employers and/or joint employers of Plaintiff and the other class members.

27
28

                                    **First Amended Complaint**

6.  Plaintiff does not presently know the true names and capacities of the defendants named as Doe 1 through 10, and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known Defendants, or through entering a conspiracy and/or agreement with the known Defendants to perform these acts for financial gain and profit in violation of Plaintiff and the other class members' rights. Plaintiff will request leave of Court to amend this complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

7.  Golden State, Amazon and the Doe Defendants are each responsible for all wage and hourly violations and other wrongs that have been perpetrated upon Plaintiff and the other class members. Golden State, Amazon and the Doe Defendants will hereinafter collectively be referred to as the "Defendants."

8.  Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all the Defendants entered a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were taken in furtherance of such conspiracy. Defendants aided and abetted each other in the injustices alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

## JURISDICTION AND VENUE

9.  Plaintiff is a California resident. On or about March 13, 2017, Defendants offered Plaintiff the position of Fulfillment Associate also referred to as a "picker" or "sorter." Plaintiff began working for Defendants on March 14, 2017. Plaintiff's job duties included, but were not limited to, physically transferring merchandise from robotic pods to designated totes. Defendants employed Plaintiff between approximately March 14, 2017 and May 6, 2017. During his employment, Plaintiff primarily performed services for Defendants out of Defendants'

1   fulfillment center located in San Joaquin County at 1555 N. Chrisman Road, Tracy, CA 95304.

2   Venue is therefore proper in San Joaquin County, California.

3   ## CLASS ACTION ALLEGATIONS

4   10.   Plaintiff brings the first six causes of action for himself and on behalf of a class and sub-classes

5   initially defined as follows:

6   **Class**

7   All persons who were employed by Defendants in California as non-exempt workers
within four years prior to the filing of the original complaint in this action through the
8   date of judgment entered herein.

9   **Alternative Workweek Sub-Class**

10   All Class Members who worked at locations where they worked more than eight hours in
a day and were not paid overtime for such days and where Defendants had failed to
11   properly adopt an Alternative Workweek schedule for such locations.

12   **Meal Period Sub-Class**

13   All Class Members who executed non-compliant Meal Period Waiver Agreements or
who were not provided with all legally required meal periods.

14   **Rest Period Sub-Class**

15   All Class Members who were not provided all legally required rest periods.

16   **Termination Pay Sub-Class**

   All Class Members, Alternative Workweek Subclass Members, Meal Period Subclass
17   Members, or Rest Subclass Members whose employment terminated within three years
prior to the filing of the original complaint in this action through the date of judgment
18   entered herein.

19   **Wage Statement Sub-Class**

20   All Class Members, Alternative Workweek Subclass Members, Meal Period Subclass
Members, or Rest Subclass Members who were provided with wage statements that
21   failed to include all the information required by Labor Code 226(a) within one year prior
to the filing of the original complaint in this action through the date of judgment entered
22   herein.

23   11.   Each of the class members is identifiable, similarly situated and was employed by the

24   Defendants during all or a portion of the relevant class periods. Plaintiff reserves the right to seek

25   leave to amend this Complaint to add as a named plaintiff some or all the persons who are class

26   members.

27

28

12.   The class action causes of action have been brought and may be maintained because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

13.   **Numerosity.** The number of class members is so numerous that joinder of all members is impractical in that Plaintiff believes there are more than 6,000 class members. The names and addresses of the class members are identifiable through documents maintained by the Defendants, and the class members may be notified of the pendency of this action by mailed notice.

14.   **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

   a.   Whether Defendants implemented and engaged in a systematic practice whereby Defendants unlawfully failed to pay Plaintiff and class members for hours worked as required by California law;

   b.   Whether Defendants failed to properly implement a lawful alternative workweek schedule for Alternative Workweek Subclass Members;

   c.   Whether the class members are entitled to compensation or restitution under the applicable IWC Wage Order(s), regulations or statutes;

   d.   Whether Defendants failed to pay class member all compensation due them for overtime;

   e.   Whether Defendants' meal period waiver is valid under California law;

   f.   Whether Defendants failed to provide class members with the required meal periods;

   g.   Whether Defendants failed to provide class members with the required rest periods;

   h.   Whether Defendants implemented and engaged in a systematic practice of failing to provide accurate wage statements to Plaintiff and class members with the information required by Labor Code Section 226(a);

   i.   Whether Defendants' failure to furnish accurate and complete wage statements was knowing

**First Amended Complaint**

and intentional within the meaning of Labor Code Section 226;

j.   Whether Defendants failed to pay terminated class members all wages due them;

k.   Whether Defendants' failure to pay terminated class members all wages due them was willful within the meaning of Labor Code Section 203;

l.   The appropriateness and nature of relief to the class members;

m.   The appropriate type and/or measure of damages; and

n.   The extent of Defendants' liability to the class members.

15.   **Typicality.** Plaintiff is a member of each of the classes, and Plaintiff's claims are typical of the class members' claims. Plaintiff and the other class members sustained damages arising out of Defendants' common policies and/or course of conduct in violation of the law as alleged herein. Plaintiff is entitled to the same relief under the class action causes of action as the other class members.

16.   **Adequacy.** Plaintiff and Plaintiff's counsel will adequately and fairly protect the interests of the class members. Plaintiff is an adequate representative of the class members because he is a member of each class and has no interests adverse to the interests of the absent class members. Plaintiff has retained legal counsel with substantial experience in civil litigation, employment law and class action litigation.

17.   **Superiority.** A class action is superior to other available means of fair and efficient adjudication of the class members' claims. Joinder of all class members is impractical. Class action treatment will allow many similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would cause to such plaintiffs or to the court system. Further, the damages of many individual class members may be relatively small, and the burden and expenses of individual litigation would make it difficult or impossible for individual members of the class to seek and obtain relief, while a class action will serve an important public interest. In addition, questions of law and fact common to the class members predominate over questions affecting only individual class members, and a class action is superior to other available methods

for fair and efficient adjudication of the controversy. Individual litigation would present the potential for inconsistent or contradictory judgments. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof.

**Cause of Action No. 1**
**Failure to Pay Compensation Due for Hours Worked**
**(Against All Defendants)**

18.   Plaintiff realleges all the preceding paragraphs.

19.   Labor Code Section 1197 in relevant part provides:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

20.   Labor Code Section 510 in relevant part provides as follows:

> (a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

21.   Plaintiff and other class members often worked over eight hours in a day and/or more than 40 hours in a week. On occasion, Plaintiff and the other class members worked more than 12 hours in a day. Defendants failed to compensate Plaintiff and the other class members for all the overtime wages and/or double time wages due them.

22.   Paragraph 2(A) of the applicable Wage Order defines an "alternative workweek schedule" as follows:

> (A) An "alternative workweek schedule" means any regularly scheduled workweek requiring an employee to work more than eight (8) hours in a 24-hour period.

23.   Defendants required Plaintiff and the other Alternative Workweek class members to work alternative workweek schedules. For example, Plaintiff worked at Defendants' fulfillment center

**First Amended Complaint**
7

located in San Joaquin County at 1555 N. Chrisman Road, Tracy, CA 95304 and was required to work four 10-hour shifts.

24. Defendants failed to properly implement a valid alternative workweek schedule for the location where Plaintiff worked and for the locations where other Alternative Workweek class members worked. Plaintiff and the Alternative Workweek class members were not paid overtime for hours worked over eight in a day.

25. In addition, during the relevant time, Defendants had a compensation plan for class members pursuant to which they received cash and/or non-cash benefits that constituted wages earned. One type of such payments was at times listed as "Variable Comp" on Plaintiff's and class members' pay statements. Defendants failed to accurately include such benefits in calculating the regular rate of pay for overtime purposes when paying class members overtime wages and thereby failed to pay Plaintiff and class members all wages due them

26. Plaintiff has incurred attorney's fees and costs in pursuing this claim.

**Cause of Action No. 2**
**Failure to Pay Compensation Due**
**Pursuant to Labor Code Section 226.7 for Meal Period Wages**
**(Against All Defendants)**

27. Plaintiff realleges all the preceding paragraphs.

28. Labor Code Section 512 provides in relevant part:

> (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

29. Labor Code Section 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

**First Amended Complaint**
8

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

30. Paragraph 11 of the applicable Wage Order provides in relevant part:

11. MEAL PERIODS

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

(E) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

31. Defendants maintained non-compliant meal period policies and/or practices and did not provide Plaintiff and the other class members with all meal periods to which they were entitled under California law.

32. For example, Plaintiff and the other class members often worked more than 10 hours per workday and, therefore, had the right to take a second meal period on those days, but Defendants did not provide them with all such meal periods. Instead, Defendants provided Plaintiff and other class members with a purported "California Meal Period Waiver Agreement." Rather than clearly stating the terms and conditions under which the waiver would apply and be used, it sets forth only partial information in ambiguous and self-contradictory language that misrepresents

class members' rights, does not fully disclose such rights, and/or is unintelligible. For these reasons and others, these waivers are invalid and unenforceable.

33.  Specifically, among other things, the purported "California Meal Period Waiver Agreement" states in relevant part:

> As an hourly associate in California, you are legally entitled to be provided the following meal period(s):
>
> A 30 minute uninterrupted, unpaid and duty-free meal period beginning no later than the end of the fifth hour of work when you work at least five (5) hours in a shift and another 30 minute uninterrupted, unpaid and duty free meal period beginning no later than the end of the tenth hour of work when you work at least ten (10) hours in a shift.

34.  Furthermore, this purported waiver makes the following false and misleading statement:

> Sometimes, however, either for operational reasons or because of your personal wishes, you and the company might want the meal period to begin late, be shortened, or skipped. This document is an opportunity for you *to waive your meal period entitlements in such circumstances.* (Emphasis added.)

35.  This statement fails to specify which meal period entitlements it purports to waive and fails to provide for the restrictions set on such waivers by the applicable Wage Order, instead implying that all meal period entitlements may be waived simply "for operational reasons" or "your personal wishes." Thus, it makes false claims and fails to apprise class members of the full scope of their rights.

36.  In addition, the purported waiver completely misrepresents how the waiver will be utilized by Defendants and, in so doing, manipulates class members into believing that the waiver is incidental and only for use on rare occasions:

> As you consider your choice below, please keep in mind that, even if you agree to this waiver, either you or Amazon may at any time insist that you take full meal periods on time, and *Amazon generally does expect associates to take full meal periods on time. Therefore, even if you agree to this waiver, you can expect to take your full meal periods on time most of the time.* (Emphasis added.)

37.  This statement completely mischaracterizes Defendants' practice whereby Plaintiff and class members generally worked shifts greater than 10 hours, but were almost never provided with second meal periods.

38. Finally, as indicated above, the applicability of this waiver is completely unclear. While the body of the waiver refers broadly to "meal period entitlements," the statement refers to a single meal period per day and falsely implies the class members are only entitled to one meal period in a workday. It states:

> I agree to waive *my meal period* for all workdays unless I revoke this waiver. I understand that I may at anytime take a full meal period as scheduled or provided by law. No supervisor or manager can require me to delay, shorten or skip a meal period or retaliate against me for declining to do so.

39. Defendants have not paid Plaintiff and the other class members the additional pay due Plaintiff and the other class members under Section 226.7.

**Cause of Action No. 3**
**Failure to Pay Compensation Due**
**Pursuant to Labor Code Section 226.7 for Rest Period Wages**
**(Against All Defendants)**

40. Plaintiff realleges all the preceding paragraphs.

41. Labor Code Section 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

42. Paragraph 12 of the applicable Wage Order provides in relevant part:

> 12. REST PERIODS

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

43. Defendants maintained non-compliant rest period policies and/or practices and did not provide Plaintiff and the other class members all rest periods to which they were entitled under California law.

44. For example, even though Plaintiff and class members worked shifts greater than 10 hours, Defendants did not provide Plaintiff and class members with the third rest periods to which they were entitled.

45. Defendants have not paid Plaintiff and the other class members the additional pay due Plaintiff and the other class members under Section 226.7..

**Cause of Action No. 4**
**Wage Statement Violations**
**(Against All Defendants)**

46. Plaintiff realleges all the preceding paragraphs.

47. Labor Code Section 226 provides in relevant part:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

. . .

(e)(1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(2)(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

(C) For purposes of this paragraph, "promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information. . . . .

48. Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to maintain and furnish Plaintiff and the other class members with accurate and complete wage statements regarding (1) gross wages earned, (2) total hours worked by the employee, (5) net wages earned, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

49. Defendants violated Section 226(a)(1) as to Plaintiff and the other class members by failing to provide them with statements of wages that accurately showed gross wages actually earned by

failing to show all wages earned, including wages for regular hours worked, overtime hours worked, missed meal periods and/or missed rest periods.

50. Defendants violated Section 226(a)(2) by failing to provide Plaintiff and the other class members with statements of wages that accurately showed the total hours worked by Plaintiff and the other class members.

51. Defendants violated Section 226(a)(5) by failing to provide Plaintiff and the other class members with statements of wages that accurately showed the net wages actually earned for regular hours worked, overtime hours worked, meal period wages, and/or rest period wages.

52. Defendants violated Section 226(a)(9) by failing to provide Plaintiff and the other class members with statements of wages that accurately showed the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. For example, the wage statements failed accurately to show the overtime hours worked at the accurate overtime hourly rate and/or failed accurately to show the meal and/or rest period premium hours at the applicable hourly rate. In addition, Defendants paid Plaintiff and the other Wage Statement Sub-class members shift differentials earnings categorized on their pay records as Shift Pay; Shift Pay/OT @ and Shift Pay/DT@. Although the gross amount of the overtime payment amounts attributable to the Shift Pay was listed on the wage statements, Defendants did not list the hourly rates used to calculate such overtime payments or the number of hours worked at such rates.

53. Plaintiff and the other Wage Statement class members were actually injured as a result of Defendants' violations. Moreover, such violations led to, among other things, the non-payment of all their regular and overtime wages and meal and rest period premiums and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

54. Plaintiff and the other class members are entitled to damages and/or penalties pursuant to Labor Code Section 226.

**Cause of Action No. 5**
**Failure to Pay Waiting Time Wages Pursuant to Labor Code Section 203**
**(Against All Defendants)**

55. Plaintiff realleges all the preceding paragraphs.

**First Amended Complaint**
14

56. Labor Code Section 201 in relevant part provides:

   (a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately....

57. Labor Code Section 202 in relevant part provides:

   (a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

58. Labor Code Section 203 provides in relevant part:

   (a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. . . .

   (b) Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

59. The employment of Plaintiff and the other Termination Pay Subclass members with Defendants terminated.

60. When the employment of Plaintiff and the Termination Pay Subclass members terminated, Defendants violated Labor Code Sections 201 or 202 by willfully failing to pay the wages earned and unpaid that were due them.

61. Defendants failed to pay Termination Pay Subclass members the wages due them under Section 203.

62. Labor Code Section 218.5 provides in relevant part:

   (a) In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith. . .

63. Plaintiff has incurred attorney's fees and costs in pursuing this claim.

First Amended Complaint

**Cause of Action No. 6**
**Violation of California Business and Professions Code Section 17200, *et seq.***
**(Against All Defendants)**

64.   Plaintiff realleges all the preceding paragraphs.

65.   Business & Professions Code Section 17200 provides:

> As used in this chapter, unfair competition shall mean and include any ***unlawful, unfair*** or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

66.   Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful and/or unfair business acts or practices.

67.   Defendants have been unjustly enriched as a result of Defendants' unlawful and/or unfair business acts and/or practices.

68.   Business & Professions Code Section 17203 provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

69.   Plaintiff and the other class members seek restitution of money and/or property by which Defendants were unjustly enriched.

70.   Plaintiff has incurred attorney's fees and costs in pursuing this claim.

## PRAYER

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1.   For unpaid wages;

2.   For compensatory damages;

3.   For restitution and disgorgement for all unlawful and/or unfair business acts and/or practices;

4.   For liquidated damages;

5.   For attorney's fees and costs as allowed by law;

**First Amended Complaint**

6.    For penalties as allowed by law;

7.    For prejudgment interest;

8.    For punitive damages; and

9.    For such other and further relief as the Court deems proper.

Dated: July 17, 2017              THE DION-KINDEM LAW FIRM


                                  BY: _____
                                      PETER R. DION-KINDEM, P.C.
                                      PETER R. DION-KINDEM
                                      Attorney for Plaintiff Juan Trevino

First Amended Complaint

17

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Peter Dion-Kindem (95267)<br>The Dion-Kindem Law Firm<br>21550 Oxnard St., Suite 900<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 818-883-4900    FAX NO.: 818-883-4902<br>ATTORNEY FOR (Name): Plaintiff | 2017 JUL 12  PM 1:00<br>ROSA JUNQUEIRO, CLERK<br>JOYCE BANEK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 222 E. Weber Ave., #303
MAILING ADDRESS: 222 E. Weber Ave., #303
CITY AND ZIP CODE: Stockton, CA 95202-2777
BRANCH NAME: Stockton Courthouse

CASE NAME:
Trevino v. Golden State FC LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: STK-CV-UOE-2017-7161 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: HOLLY<br>DEPT: 10 B |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 6
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7/11/2017

Peter Dion-Kindem
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**222 E. Weber Avenue**
**Stockton, CA 95202**

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UOE-2017-0007161**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 01/08/2018 | Time: 8:45 AM | |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT** | **PHONE Numbers:** |
| Carter Holly | Stockton | 10B | Stockton: 209-992-5693 Lodi: 209-992-5522 |

PLEASE NOTE: Effective July 31, 2017 the Stockton Court will be located at 180 E. Weber Avenue, Stockton CA 95202

[ x ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

   a. **Serve** all named defendant's and file proofs of service on those defendants with the court. Within 60 days of the filing of the complaint. (CRC 3.110)

   b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. **Meet and Confer**, in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d. **Collection cases** are managed pursuant to CRC 3.740.

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 07/13/2017                                    _____Joyce Banek_____ :Deputy Clerk

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING



# Superior Court of California, County of San Joaquin
# Alternative Dispute Resolution (ADR) Information Packet

---

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> > *Indicating your preference on Case Management Statement form CM-110;
> >
> > *Filing the Stipulation and Order to Participate in Alternative Dispute Resolution (ADR) *local court form Sup Crt 441*; or
> >
> > *Agree to ADR at your initial Case Management Conference.
>
> > **Questions?** Call (209) 992-5693 and ask for the ADR Clerk,
> > email at adr@sjcourts.org or visit the court website at www.sjcourts.org

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called 'neutrals', resolve disputes or help parties resolve disputes without having to go to court. The most common forms of ADR are mediation and arbitration. There are several other types of ADR such as case evaluation, conciliations, settlement conferences, fact finding, mini-trials and summary jury trials. It is important to find the type or types of ADR that are most likely to resolve your dispute.

## What are the Advantages of using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorney's fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

*ADR Information Packet (7/15)*

## What is the Disadvantage of using ADR?

- ***You may go to court anyway*** – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- ***Cost*** – The neutral may charge a fee for their services.
- ***Timelines*** – Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in and ADR process.

## What ADR options are available?

- **Mediation** – The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in all general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcome of their own case. The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.
  - ➢ Mediation is an informal, confidential, flexible and non-binding process which a neutral person (mediator) helps the parties to understand the interest of everyone involved, and their practical and legal choices. The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**
  - ➢ Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. A copy of the Civil Mediation Program Panel list is available on the court website at www.sjcourts.org
    See Local Rule 3-123 for additional Civil Mediation Program information.

- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit.
  - ➢ ***Judicial Arbitration Program*** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award ***and proceed to trial***. See Local Rule 3-122 for additional Judicial Arbitration information.
  - ➢ ***Private Arbitration*** (binding and non-binding): Occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

- **Additional Information** regarding San Joaquin County Superior Court's ADR programs is available on the Court's website at www.sjcourts.org

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO.: *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ UNLIMITED CASE    ☐ LIMITED CASE<br>(Amount demanded    (Amount demanded is $25,000<br>exceeds $25,000)    or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                Time:              Dept.:        Div.:          Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(Describe, including causes of action)*:

Page 1 of 5

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                               f.   Fax number:
e.   E-mail address:                                                  g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐ This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation** *(if available).*
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
  ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br><br><br>TELEPHONE NO.:        FAX NO.:<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

| ☐ LODI Branch | ☐ MANTECA Branch | ☐ TRACY Branch | ☐ STOCKTON Branch |
|---|---|---|---|
| 315 W. Elm St. | 315 E. Center St. | 475 E. 10th St. | 222 E. Weber Ave. |
| Lodi, CA 95240 | Manteca, CA 95336 | Tracy, CA 95376 | Stockton, CA 95202 |

Plaintiff(s)/Petitioner(s):

| | |
|---|---|
| Defendant(s)/Respondent(s): | CASE NUMBER: |

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):

☐ Voluntary Mediation                                    ☐ Other (specify):

☐ Non-Binding Judicial Arbitration CCP 1141.12        _____

☐ Binding Arbitration (private)                        _____

Case Type: _____

Is the Neutral you selected listed on the Court's Panel of Mediators? ☐ Yes      ☐ No

Neutral's name and telephone number: _____ /( ___ )._____

Date/Time of ADR Session: _____ / _____ a.m./p.m.  Location of ADR Session: __ __ ___ __

Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:

_____

_____

Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR.  Original signatures required.

| | |
|---|---|
| _____<br>Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent | _____<br>(Signature)<br>Attorney or Party without attorney |
| _____<br>Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent | _____<br>(Signature)<br>Attorney or Party without attorney |
| _____<br>Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent | _____<br>(Signature)<br>Attorney or Party without attorney |
| _____<br>Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent | _____<br>(Signature)<br>Attorney or Party without attorney |

**IT IS SO ORDERED:**  Dated: _____    _____

                                             Judge of the Superior Court

**An ADR Review Hearing is scheduled for** _____ **at** _____ **a.m/p.m. in Dept. No.** _____.

In the event that the case is resolved and a dismissal entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.