PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone: (818) 883-4900
Fax: (818) 883-4902
Email: peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone: (213) 599-8255
Fax: (213) 402-3949
Email: lonnieblanchard@gmail.com

Attorneys for Plaintiff Juan Trevino

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Trevino, an individual, on behalf of himself and all others similarly situated,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>Golden State FC LLC, a Delaware Limited Liability Company; Amazon.com Inc., a Delaware Corporation and Does 1 through 10,<br><br>　　Defendants. | Case No. 2:17-cv-01904-KJM-CJD<br>**CLASS ACTION**<br><br>**Second Amended Complaint for:**<br><br>1. **Failure to Pay Compensation Due for Hours Worked**<br>2. **Meal Period Violations**<br>3. **Rest Period Violations**<br>4. **Wage Statement Violations**<br>5. **Failure to Pay Waiting Time Wages Pursuant to Labor Code Section 203**<br>6. **Violation of California Business and Professions Code**<br>7. **Recovery of Civil Penalties pursuant to the California Private Attorney General Act**<br><br>**Demand for Jury Trial** |

Plaintiff Juan Trevino ("Plaintiff") alleges:

**Second Amended Complaint**

1. This case arises out of Defendants' failure to comply with the California Labor Code and the applicable Wage Order in the treatment of its employees, including failure to pay wages due for regular and overtime hours worked, failure to provide lawful meal and rest periods, failure to pay meal period and rest period wages, failure to pay waiting time wages, and failure to provide lawful itemized wage statements, *inter alia*.

## DEFENDANTS

2. Golden State FC LLC ("Golden State") is a Delaware Limited Liability Company with its corporate headquarters located at 2021 7th Ave., Seattle, WA 98121. Golden State is believed to be a wholly-owned subsidiary of Amazon.com Inc. The name "Golden State FC LLC" appears on Plaintiff's wage statements and employment offer letter.

3. Amazon.com, Inc. ("Amazon") is a Delaware corporation with its corporate headquarters located at 410 Terry Ave. N., Seattle, WA 98109. The names "Amazon.com Inc." and or "Amazon" appear on many of Plaintiff's new hire documents including: Amazon.com, Inc. Confidentiality and Invention Assignment Agreement; Amazon California Meal Period Waiver Agreement; Amazon Code of Ethics Acknowledgment Form; Amazon Harassment Policy for California Associates; Plaintiff's Supportive Feedback Documents and Plaintiff's termination letter.

4. Section 2 (F) of the applicable Wage Order defines an employer as follows:

   [A]ny person as defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person.

5. Based on the above listed documents and upon information and belief, Amazon directly or indirectly established and controlled the wages, hours and working conditions of the employment of Plaintiff and the other class members, and Golden State and Amazon acted as employers, co-employers and/or joint employers of Plaintiff and the other class members.

6. Plaintiff does not presently know the true names and capacities of the defendants named as Doe 1 through 10, and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known Defendants, or

through entering a conspiracy and/or agreement with the known Defendants to perform these acts for financial gain and profit in violation of Plaintiff and the other class members' rights. Plaintiff will request leave of Court to amend this complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

7. Golden State, Amazon and the Doe Defendants are each responsible for all wage and hourly violations and other wrongs that have been perpetrated upon Plaintiff and the other class members. Golden State, Amazon and the Doe Defendants will hereinafter collectively be referred to as the "Defendants."

8. Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all the Defendants entered a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were taken in furtherance of such conspiracy. Defendants aided and abetted each other in the injustices alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

**JURISDICTION AND VENUE**

9. Plaintiff is a California resident. On or about March 13, 2017, Defendants offered Plaintiff the position of Fulfillment Associate also referred to as a "picker" or "sorter." Plaintiff began working for Defendants on March 14, 2017. Plaintiff's job duties included, but were not limited to, physically transferring merchandise from robotic pods to designated totes. Defendants employed Plaintiff between approximately March 14, 2017 and May 6, 2017. During his employment, Plaintiff primarily performed services for Defendants out of Defendants' fulfillment center located in San Joaquin County at 1555 N. Chrisman Road, Tracy, CA 95304. Venue is therefore proper in San Joaquin County, California.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings the first six causes of action for himself and on behalf of a class and sub-classes initially defined as follows:

   ### Class

   All persons who were employed by Defendants in California as non-exempt workers within four years prior to the filing of the original complaint in this action through the date of judgment entered herein.

   ### Alternative Workweek Sub-Class

   All Class Members who worked at locations where they worked more than eight hours in a day and were not paid overtime for such days and where Defendants had failed to properly adopt an Alternative Workweek schedule for such locations.

   ### Meal Period Sub-Class

   All Class Members who executed non-compliant Meal Period Waiver Agreements or who were not provided with all legally required meal periods.

   ### Rest Period Sub-Class

   All Class Members who were not provided all legally required rest periods.

   ### Termination Pay Sub-Class

   All Class Members, Alternative Workweek Subclass Members, Meal Period Subclass Members, or Rest Subclass Members whose employment terminated within three years prior to the filing of the original complaint in this action through the date of judgment entered herein.

   ### Wage Statement Sub-Class

   All Class Members, Alternative Workweek Subclass Members, Meal Period Subclass Members, or Rest Subclass Members who were provided with wage statements that failed to include all the information required by Labor Code 226(a) within one year prior to the filing of the original complaint in this action through the date of judgment entered herein.

11. Each of the class members is identifiable, similarly situated and was employed by the Defendants during all or a portion of the relevant class periods. Plaintiff reserves the right to seek leave to amend this Complaint to add as a named plaintiff some or all the persons who are class members.

12. The class action causes of action have been brought and may be maintained because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

13. **Numerosity.** The number of class members is so numerous that joinder of all members is impractical in that Plaintiff believes there are more than 6,000 class members. The names and addresses of the class members are identifiable through documents maintained by the Defendants, and the class members may be notified of the pendency of this action by mailed notice.

14. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a. Whether Defendants implemented and engaged in a systematic practice whereby Defendants unlawfully failed to pay Plaintiff and class members for hours worked as required by California law;

    b. Whether Defendants failed to properly implement a lawful alternative workweek schedule for Alternative Workweek Subclass Members;

    c. Whether the class members are entitled to compensation or restitution under the applicable IWC Wage Order(s), regulations or statutes;

    d. Whether Defendants failed to pay class member all compensation due them for overtime;

    e. Whether Defendants' meal period waiver is valid under California law;

    f. Whether Defendants failed to provide class members with the required meal periods;

    g. Whether Defendants failed to provide class members with the required rest periods;

    h. Whether Defendants implemented and engaged in a systematic practice of failing to provide accurate wage statements to Plaintiff and class members with the information required by Labor Code Section 226(a);

    i. Whether Defendants' failure to furnish accurate and complete wage statements was knowing and intentional within the meaning of Labor Code Section 226;

    j. Whether Defendants failed to pay terminated class members all wages due them;

    k. Whether Defendants' failure to pay terminated class members all wages due them was willful

within the meaning of Labor Code Section 203;

l. The appropriateness and nature of relief to the class members;

m. The appropriate type and/or measure of damages; and

n. The extent of Defendants' liability to the class members.

15. **Typicality.** Plaintiff is a member of each of the classes, and Plaintiff's claims are typical of the class members' claims. Plaintiff and the other class members sustained damages arising out of Defendants' common policies and/or course of conduct in violation of the law as alleged herein. Plaintiff is entitled to the same relief under the class action causes of action as the other class members.

16. **Adequacy.** Plaintiff and Plaintiff's counsel will adequately and fairly protect the interests of the class members. Plaintiff is an adequate representative of the class members because he is a member of each class and has no interests adverse to the interests of the absent class members. Plaintiff has retained legal counsel with substantial experience in civil litigation, employment law and class action litigation.

17. **Superiority.** A class action is superior to other available means of fair and efficient adjudication of the class members' claims. Joinder of all class members is impractical. Class action treatment will allow many similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would cause to such plaintiffs or to the court system. Further, the damages of many individual class members may be relatively small, and the burden and expenses of individual litigation would make it difficult or impossible for individual members of the class to seek and obtain relief, while a class action will serve an important public interest. In addition, questions of law and fact common to the class members predominate over questions affecting only individual class members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Individual litigation would present the potential for inconsistent or contradictory judgments. By contrast, the class action device will

result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof.

**Cause of Action No. 1**
**Failure to Pay Compensation Due for Hours Worked**
**(Against All Defendants)**

18. Plaintiff realleges all the preceding paragraphs.

19. Labor Code Section 1197 in relevant part provides:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

20. Labor Code Section 510 in relevant part provides as follows:

> (a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

21. Plaintiff and other class members often worked over eight hours in a day and/or more than 40 hours in a week. On occasion, Plaintiff and the other class members worked more than 12 hours in a day. Defendants failed to compensate Plaintiff and the other class members for all the overtime wages and/or double time wages due them.

22. Paragraph 2(A) of the applicable Wage Order defines an "alternative workweek schedule" as follows:

> (A) An "alternative workweek schedule" means any regularly scheduled workweek requiring an employee to work more than eight (8) hours in a 24-hour period.

23. Defendants required Plaintiff and the other Alternative Workweek class members to work alternative workweek schedules. For example, Plaintiff worked at Defendants' fulfillment center located in San Joaquin County at 1555 N. Chrisman Road, Tracy, CA 95304 and was required to work four 10-hour shifts.

24. Defendants failed to properly implement a valid alternative workweek schedule for the location where Plaintiff worked and for the locations where other Alternative Workweek class members worked. Plaintiff and the Alternative Workweek class members were not paid overtime for hours worked over eight in a day.

25. In addition, during the relevant time, Defendants had a compensation plan for class members pursuant to which they received cash and/or non-cash benefits that constituted wages earned. One type of such payments was at times listed as "Variable Comp" on Plaintiff's and class members' pay statements. Defendants failed to accurately include such benefits in calculating the regular rate of pay for overtime purposes when paying class members overtime wages and thereby failed to pay Plaintiff and class members all wages due them

26. Plaintiff has incurred attorney's fees and costs in pursuing this claim.

**Cause of Action No. 2**
**Failure to Pay Compensation Due**
**Pursuant to Labor Code Section 226.7 for Meal Period Wages**
**(Against All Defendants)**

27. Plaintiff realleges all the preceding paragraphs.

28. Labor Code Section 512 provides in relevant part:

> (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

29. Labor Code Section 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

30. Paragraph 11 of the applicable Wage Order provides in relevant part:

**Second Amended Complaint**
8

11. MEAL PERIODS

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

(E) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

31. Defendants maintained non-compliant meal period policies and/or practices and did not provide Plaintiff and the other class members with all meal periods to which they were entitled under California law.

32. For example, Plaintiff and the other class members often worked more than 10 hours per workday and, therefore, had the right to take a second meal period on those days, but Defendants did not provide them with all such meal periods. Instead, Defendants provided Plaintiff and other class members with a purported "California Meal Period Waiver Agreement." Rather than clearly stating the terms and conditions under which the waiver would apply and be used, it sets forth only partial information in ambiguous and self-contradictory language that misrepresents class members' rights, does not fully disclose such rights, and/or is unintelligible. For these reasons and others, these waivers are invalid and unenforceable.

33. Specifically, among other things, the purported "California Meal Period Waiver Agreement" states in relevant part:

**Second Amended Complaint**

9

>As an hourly associate in California, you are legally entitled to be provided the following meal period(s):
>
>A 30 minute uninterrupted, unpaid and duty-free meal period beginning no later than the end of the fifth hour of work when you work at least five (5) hours in a shift and another 30 minute uninterrupted, unpaid and duty free meal period beginning no later than the end of the tenth hour of work when you work at least ten (10) hours in a shift.

34. Furthermore, this purported waiver makes the following false and misleading statement:

>Sometimes, however, either for operational reasons or because of your personal wishes, you and the company might want the meal period to begin late, be shortened, or skipped. This document is an opportunity for you ***to waive your meal period entitlements in such circumstances***. (Emphasis added.)

35. This statement fails to specify which meal period entitlements it purports to waive and fails to provide for the restrictions set on such waivers by the applicable Wage Order, instead implying that all meal period entitlements may be waived simply "for operational reasons" or "your personal wishes." Thus, it makes false claims and fails to apprise class members of the full scope of their rights.

36. In addition, the purported waiver completely misrepresents how the waiver will be utilized by Defendants and, in so doing, manipulates class members into believing that the waiver is incidental and only for use on rare occasions:

>As you consider your choice below, please keep in mind that, even if you agree to this waiver, either you or Amazon may at any time insist that you take full meal periods on time, and ***Amazon generally does expect associates to take full meal periods on time. Therefore, even if you agree to this waiver, you can expect to take your full meal periods on time most of the time***. (Emphasis added.)

37. This statement completely mischaracterizes Defendants' practice whereby Plaintiff and class members generally worked shifts greater than 10 hours, but were almost never provided with second meal periods.

38. Finally, as indicated above, the applicability of this waiver is completely unclear. While, the body of the waiver refers broadly to "meal period entitlements," the statement refers to a single meal period per day and falsely implies the class members are only entitled to one meal period in a workday. It states:

**Second Amended Complaint**

10

> I agree to waive *my meal period* for all workdays unless I revoke this waiver. I understand that I may at anytime take a full meal period as scheduled or provided by law. No supervisor or manager can require me to delay, shorten or skip a meal period or retaliate against me for declining to do so.

39. Defendants have not paid Plaintiff and the other class members the additional pay due Plaintiff and the other class members under Section 226.7.

**Cause of Action No. 3**
**Failure to Pay Compensation Due**
**Pursuant to Labor Code Section 226.7 for Rest Period Wages**
**(Against All Defendants)**

40. Plaintiff realleges all the preceding paragraphs.

41. Labor Code Section 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

42. Paragraph 12 of the applicable Wage Order provides in relevant part:

> 12. REST PERIODS
>
> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.
>
> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

43. Defendants maintained non-compliant rest period policies and/or practices and did not provide Plaintiff and the other class members all rest periods to which they were entitled under California law.

44. For example, even though Plaintiff and class members worked shifts greater than 10 hours, Defendants did not provide Plaintiff and class members with the third rest periods to which they were entitled.

45. Defendants have not paid Plaintiff and the other class members the additional pay due Plaintiff and the other class members under Section 226.7.

**Cause of Action No. 4**
**Wage Statement Violations**
**(Against All Defendants)**

46. Plaintiff realleges all the preceding paragraphs.

47. Labor Code Section 226 provides in relevant part:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.
>
> . . .

(e)(1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(2)(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

(C) For purposes of this paragraph, "promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information. . . .

48. Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to maintain and furnish Plaintiff and the other class members with accurate and complete wage statements regarding (1) gross wages earned, (2) total hours worked by the employee, (5) net wages earned, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

49. Defendants violated Section 226(a)(1) as to Plaintiff and the other class members by failing to provide them with statements of wages that accurately showed gross wages actually earned by

**Second Amended Complaint**

13

failing to show all wages earned, including wages for regular hours worked, overtime hours worked, missed meal periods and/or missed rest periods.

50. Defendants violated Section 226(a)(2) by failing to provide Plaintiff and the other class members with statements of wages that accurately showed the total hours worked by Plaintiff and the other class members.

51. Defendants violated Section 226(a)(5) by failing to provide Plaintiff and the other class members with statements of wages that accurately showed the net wages actually earned for regular hours worked, overtime hours worked, meal period wages, and/or rest period wages.

52. Defendants violated Section 226(a)(9) by failing to provide Plaintiff and the other class members with statements of wages that accurately showed the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. For example, the wage statements failed accurately to show the overtime hours worked at the accurate overtime hourly rate and/or failed accurately to show the meal and/or rest period premium hours at the applicable hourly rate. In addition, Defendants paid Plaintiff and the other Wage Statement Sub-class members shift differentials earnings categorized on their pay records as Shift Pay; Shift Pay/OT @ and Shift Pay/DT@. Although the gross amount of the overtime payment amounts attributable to the Shift Pay was listed on the wage statements, Defendants did not list the hourly rates used to calculate such overtime payments or the number of hours worked at such rates.

53. Plaintiff and the other Wage Statement class members were actually injured as a result of Defendants' violations. Moreover, such violations led to, among other things, the non-payment of all their regular and overtime wages and meal and rest period premiums and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

54. Plaintiff and the other class members are entitled to damages and/or penalties pursuant to Labor Code Section 226.

**Cause of Action No. 5**
**Failure to Pay Waiting Time Wages Pursuant to Labor Code Section 203**
**(Against All Defendants)**

55. Plaintiff realleges all the preceding paragraphs.

**Second Amended Complaint**
14

56. Labor Code Section 201 in relevant part provides:

> (a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately...

57. Labor Code Section 202 in relevant part provides:

> (a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

58. Labor Code Section 203 provides in relevant part:

> (a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. . . .
>
> (b) Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

59. The employment of Plaintiff and the other Termination Pay Subclass members with Defendants terminated.

60. When the employment of Plaintiff and the Termination Pay Subclass members terminated, Defendants violated Labor Code Sections 201 or 202 by willfully failing to pay the wages earned and unpaid that were due them.

61. Defendants failed to pay Termination Pay Subclass members the wages due them under Section 203.

62. Labor Code Section 218.5 provides in relevant part:

> (a) In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith. . .

63. Plaintiff has incurred attorney's fees and costs in pursuing this claim.

**Cause of Action No. 6**
**Violation of California Business and Professions Code Section 17200, *et seq*.**
**(Against All Defendants)**

64. Plaintiff realleges all the preceding paragraphs.

65. Business & Professions Code Section 17200 provides:

    As used in this chapter, unfair competition shall mean and include any ***unlawful***, ***unfair*** or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

66. Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful and/or unfair business acts or practices.

67. Defendants have been unjustly enriched as a result of Defendants' unlawful and/or unfair business acts and/or practices.

68. Business & Professions Code Section 17203 provides:

    Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

69. Plaintiff and the other class members seek restitution of money and/or property by which Defendants were unjustly enriched.

70. Plaintiff has incurred attorney's fees and costs in pursuing this claim.

**Cause of Action No. 7**
**For Recovery of Civil Penalties under the California Private Attorney General Act, Labor Code Section 2698, *et seq*.**
**(Against All Defendants)**

71. Plaintiff realleges all the preceding paragraphs.

72. Pursuant to Labor Code Sections 2698, *et seq*., the Private Attorney General Act of 2004 ("PAGA"), Plaintiff is entitled to recover civil penalties on behalf of himself and other persons who are or were employed by the alleged violator and against whom one or more of the alleged violations was committed. Plaintiff is pursuing civil penalties for violations of the Labor Code sections alleged herein.

**Second Amended Complaint**
16

73. Defendants, as alleged above, have committed Labor Code violations against Plaintiff and other employees of Defendants.

74. Plaintiff and the class members seeks to recover all civil penalties recoverable under PAGA against Defendants, including without limitation penalties pursuant to Labor Code Sections 203, 210, 226.3, 256, 558, 1174.5, 1197.1, and 2699(f).

75. Plaintiff's attorney gave written notice to the Labor and Workforce Development Agency ("LWDA") and to Defendants identifying violations set forth above on July 11, 2017.

76. Labor Code Section 2699(g) provides that any "employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs." Plaintiff has incurred attorney's fees and costs in pursuing this claim.

**PRAYER**

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1. For unpaid wages;
2. For compensatory damages;
3. For restitution and disgorgement for all unlawful and/or unfair business acts and/or practices;
4. For liquidated damages;
5. For attorney's fees and costs as allowed by law;
6. For penalties as allowed by law;
7. For prejudgment interest;
8. For punitive damages; and
9. For such other and further relief as the Court deems proper.

Dated: December 15, 2017       THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiff Juan Trevino

**Second Amended Complaint**